IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSICA D. WILLIAMSON,
    Plaintiff,

vs.                                  Case No.: 5:07cv240/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court upon Plaintiff's Amended Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 23) and Defendant's response thereto (Doc. 25).

        Plaintiff's counsel (hereafter "Petitioner") seeks an award of attorney fees totaling $3,170.00 (Doc. 23 at 1). Defendant has responded to the motion and does not contest the amount requested (Doc. 25).

        Title 28 U.S.C. § 2412, the EAJA, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A)–(B).

        In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. In the instant case, the court reversed the decision of the Commissioner and remanded the case for further administrative proceedings, pursuant to sentence four of § 405(g) (*see* Docs. 19, 20). Additionally, Petitioner's application for

fees was timely filed, the Commissioner's position was not substantially justified, and no special circumstances make an award unjust. Moreover, Defendant does not disagree that fees should be paid in this case (Doc. 25). Accordingly, an award of fees and expenses is clearly appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner seeks compensation for 23.8 hours in attorney fees at the rate of $125.00 per hour, and 3.9 hours of paralegal fees at the rate of $50.00 per hour, for time expended in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. Defendant has represented to the court that they do not contest the reasonableness of the time claimed by Petitioner and Petitioner's paralegal, nor the hourly rates. Thus, attorney fees totaling $3,170.00 should be awarded.

The remaining question is who is entitled to the award. Initially, the court notes a recent decision of the Eleventh Circuit, Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008), clarifying that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney. Thus, pursuant to Reeves, the award in this case would normally be paid directly to Plaintiff and not Petitioner. Plaintiff and Petitioner, however, agreed to an assignment of EAJA fees, in which Plaintiff agreed that any fees awarded under the EAJA would be paid to Petitioner (*see* Doc. 25 at 1). Accordingly, the fees should be paid directly to Petitioner, and Defendant does not object to such a payment (*id.*).

Based upon the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Petition for Attorney Fees (Doc. 23) be **GRANTED** as follows:

> Plaintiff's counsel, David E. Evans, is entitled to recover fees in the amount of $3,170.00 for work performed in representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees requested under the EAJA is reasonable; and the Commissioner is directed to pay David E. Evans that amount.

At Pensacola, Florida, this <u>1st</u> day of August 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**